**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TERRY COLLINS,

    Petitioner,

-vs-                                                  Case No. 8:04-cv-294-T-30TBM

JAMES V. CROSBY, et al.,

    Respondents.
_____/

**ORDER**

    Before the Court is Petitioner's Motion to Dismiss filed on June 6, 2005 (Dkt. 8). Petitioner is requesting that his case be dismissed pursuant to Local Rule 3.08(b) (M.D. Fla. 2004) ("When notified that a case has been settled and for purposes of administratively closing the file, the Court may order that a case be dismissed subject to the right of any party to move the Court within sixty (60) days thereafter [or within such other period of time as the Court may specify] for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings").

    Petitioner does not assert that he has reached a settlement with Respondents. Instead, he states that "[d]ue to the new standards of review set forth pursuant to the A.E.D.P.A. of 1996, Petitioner feels he may not prevail on the merit of his claim. Therefore it would be a waste of the court's judicial time to proceed further with the claim" (Dkt. 8 at 2). Petitioner states that he "has filed claims in the lower court[,] and it would be appropriate if the Court dismiss the petition presently pending and relinquish jurisdiction to the lower court." *Id*.

Rule 41 provides, in pertinent part, that "an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Rule 41(a)(1), Fed. R. Civ. P. A responsive pleading has, however, been filed in these proceedings. Accordingly, Petitioner must secure leave of the Court to dismiss the Petition. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."). In the response, Respondent asserts that the petition should be dismissed as time barred pursuant to 28 U.S.C. § 2244(d)(1). It appears from statements by Petitioner in his motion to dismiss, set forth *supra*, that he agrees with Respondent's assessment of his petition.

UPON consideration, the Court **ORDERS** that:

1. Petitioner's Motion to Dismiss [CV 8] is **GRANTED** to the extent that this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).[1]

2. The Clerk shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 1, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh

---

[1]The dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). *See also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [the] first federal habeas petition.").